IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | )<br>)<br>) |
| Plaintiff, | ) No. CR 11-3046-TUC-CKJ (BGM) |
| vs. | )<br>) **ORDER** |
| Walter Scott Fruit, | ) |
| Defendant. | )<br>) |

On March 8, 2019, Magistrate Judge Bruce G. Macdonald issued a Report and Recommendation ("R&R") (Doc. 520) in which he recommended this Court modify the supervised release of Walter Scott Fruit ("Fruit"). Fruit has filed an Objection to the Report and Recommendation (Doc. 521); the government has not filed a Response.

*Standard of Review*

The standard of review that is applied to a magistrate judge's report and recommendation is dependent upon whether a party files objections – the Court need not review portions of a report to which a party does not object. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, the Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or

specified proposed findings or recommendations to which objection is made."). Further, a district court is not precluded from conducting a de novo review even if no objection has been made. *Thomas*, 474 U.S. at 154.

*Objections by Fruit*

Fruit objects to certain facts in the R&R. Specifically, Fruit asserts he has not been managing Tucson Profession Steam Cleaners, LLC ("TPSC") since the end of 2017 and, therefore, does not have access to its Wells Fargo account xxxxxx2524. Further, Fruit asserts his parents, who own TPSC, closed this Wells Fargo account a few months ago. Lastly, Fruit asserts he has not received any income from TPSC since February 2018. In making these objections, Fruit does not point to any evidence in the record to support his objections. Indeed, although Fruit submitted a response (Doc. 505) to the government's status report (Doc. 496) and argued some of the information had changed, Fruit did not submit any documentation or declaration to support those arguments. The Court overrules these objections.

*Recommendation of the Magistrate Judge*

The magistrate judge has recommended Fruit's supervised release be modified to pay restitution at a rate of not less than $300 or 10% of the household income, whichever is greater. He has further recommended additional conditions that will provide a more accurate profile of Fruit's financial situation going forward. Although neither party has objected to this recommendation, the Court has conducted a de novo review of the documents and arguments presented by the parties.

Although Fruit argues his earning and spending history is not relevant to a current monthly restitution amount, the Court disagrees. Such history is relevant to assist in ascertaining Fruit's financial assets (e.g., possible interest in TPSC) and mental state (e.g., undisclosed bank accounts; ex-fiancé withdrawing significant funds from Fruit's accounts; use of funds for discretionary expenses rather than restitution).

The Court finds a preponderance of evidence establishes Fruit has a history of intending to hide and/or commingle funds. *See generally*, 18 U.S.C. § 3664(e) (dispute to be resolved by preponderance of evidence). However, considering Fruit's stated financial assets, earning and spending history, and mental state, the preponderance of evidence does not establish that Fruit currently has the financial assets to pay more than $300.00 per month towards the restitution award. The Court agrees, therefore, with the conclusions reached by the magistrate judge.

The Court has consulted with Probation Officer Bill Grajeda regarding the proposed new conditions of Supervised Release.

Accordingly, IT IS ORDERED:

1. The Report and Recommendation (Doc. 520) is ADOPTED in part.

2. Fruit's term of supervised release is modified as follows:

   a. Fruit shall pay restitution at a rate of not less than $300 or 10% of the household income, whichever is greater.

   b. Fruit shall report all monetary and non-monetary gifts or inheritances valued greater than $250.00.

   c. When signing another person's name, whether or not Fruit has power of attorney or uses a signature stamp, Fruit shall sign the name of the individual plus "by Walter Scott Fruit" or using his usual signature. Fruit shall provide a signature exemplar to U.S. Probation.

DATED this 16th day of April, 2019.

_____
Cindy K. Jorgenson
United States District Judge